# THE MARLBOROUGH LAW FIRM, P.C.

375 Sunrise Highway, Suite 3　　　　　(212) 991-8960
Lynbrook, New York 11563　　　　　　(212) 991-8952 fax
　　　　　　　　　　　　　　　　　　chris@marlboroughlawfirm.com

May 13, 2022

**VIA ECF**

Hon. Gary R. Brown
United States Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

　　　Re:　*Avelar, et al. v. Armato, et al.*
　　　　　　Case No. 21-cv-03483

Dear Judge Brown:

　　　This firm represents Plaintiffs Walter Avelar, Julio Castro, Edwin Guevara, Ruben Guevara, Jorge Mojica, Jaime Reyes, Nelson Rios, Alexader Alfaro, and Daniel Mejia ("Plaintiffs") who brought the above-referenced matter against Defendants John Armato, Yvette Armato, and Tuscany Marble and Granite, Inc. (collectively, "Defendants"), their former employers. Plaintiffs bring claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), failure to issue accurate wage statements pursuant to NYLL § 195(3), and failure to provide required wage notices pursuant to NYLL § 195(1). D.E. 1.

　　　The parties have reached a settlement of this action for a $325,000 lump sum payment from Defendants with distribution to each Plaintiff in accordance with his percentage of estimated total damages after Court-authorized attorneys' fees and expenses. Accordingly, Plaintiffs now submit this uncontested motion for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement with respect to Plaintiffs' FLSA claims and consider this motion. The parties' proposed Settlement Agreement and Wage and Hour Release (the "Agreement") is attached as Exhibit 1.

## Procedural History

　　　The Action was filed on June 21, 2021, as a prospective class and collective action. See Dkt. Doc. No. 1. The gravamen of the class and collective action claims is that Defendants failed to pay overtime pay and failed to issue wage statements and notifications of pay rate pursuant to the Wage Theft Prevention Act to Plaintiffs and other similarly situated laborers. Defendants filed an Answer to the Complaint on July 27, 2021.

On November 11, 2019, the parties attended a Rule 26(f) conference before the Hon. United States Magistrate Judge Steven L. Tiscione at which the Court set a discovery schedule. See Dkt Doc. No 20, the "Scheduling Order."

The parties participated in voluntary pre-suit document discovery. The parties also produced additional documents in Phase 1 discovery pursuant to the Scheduling Order. Documents produced included copies of timesheets that defendants maintained were accurate, and a separate set of timesheets that Plaintiffs maintained were accurate, which were inconsistent with those proffered by Defendants.

On January 25, 2022, the parties participated in a full-day mediation session before Barry J. Peek, Esq. of Scheinman Arbitration and Mediation Services. Though the mediation did not result in the immediate resolution of the action, it set the groundwork for the settlement now before the Court.

On February 4, 2022, Plaintiffs served Defendants with their motion for conditional certification. Plaintiffs also filed a notice of motion and proof of service of the motion with the Court.

Plaintiffs issued additional written discovery to Defendants on February 18, 2022.

On May 7, 2022, prior to Defendants' response to Plaintiffs' motion for conditional certification, the parties executed the Settlement Agreement.

**The Court Should Approve the Settlement Agreement as Fair and Reasonable**

FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arms'-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id.

      In this case, Plaintiffs contend that Defendants employed them as non-exempt laborers including installers, installers helpers, and stone finishers in Defendants' granite and marble countertop business. Throughout their employment, Plaintiffs assert they regularly worked more than forty hours during all or most workweeks. For this work, Plaintiffs assert that Defendants paid them straight time for most overtime hours worked, and paid them for less than all hours worked. As a result, despite frequently working in excess of forty hours in a workweek, Plaintiffs assert that Defendants failed to pay them at their statutorily-mandated overtime rate of pay of one and one-half times their applicable regular rate of pay.

      Critically, the parties have several key disputes that impact liability and damages. Defendants contend that Plaintiffs were paid correctly for all hours worked. Defendants also strenuously contest the number of hours worked by Plaintiffs each week, asserting that Plaintiffs worked fewer hours each week than they alleged. Defendants have produced documents reflecting hours that Plaintiffs purportedly worked. Plaintiffs dispute these records and produced other records supporting their position. The resolution of this dispute substantially impacts the assessment of Plaintiffs' alleged damages. Additionally, Defendants contend that Plaintiffs are not entitled to liquidated damages, whereas Plaintiffs assert that liquidated damages should be awarded because Defendants cannot establish that the alleged violations if proven, were part of good faith efforts to comply with the FLSA.

      Plaintiffs calculated their FLSA damages in order to assess their best possible recovery in this litigation. Making all reasonable assumptions in their favor, according to Plaintiffs' calculations, Plaintiffs' best potential recoveries under the FLSA at trial amounts to $74,504.24 for unpaid FLSA wages and 74,504.24 for FLSA liquidated damages. By comparison, Defendants contend that Plaintiffs are not owed any unpaid FLSA wages or any FLSA liquidated damages.

      Settling at this stage allows the parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the parties would have completed formal written and document discovery, and depositions of Plaintiffs, Defendants, and likely several non-party witnesses. This settlement also avoids potential partial motions for summary judgment and a time-consuming and risky trial, which could result in a months' or years' long delay in obtaining a potential recovery for Plaintiffs, even if they are successful, and avoid potentially facing future appeals. Notably, a trial in this lawsuit is particularly risky because it will likely turn almost entirely upon the credibility of the parties and whether a jury believes that Defendants' records are accurate. As a result, all parties face a serious risk of losing at trial, in whole or in part. Even if Plaintiffs were successful on their FLSA overtime wage claims, but Defendants could prove that they made a good faith effort to comply with the FLSA, Plaintiffs would not be entitled to liquidated damages under the FLSA, reducing Plaintiffs' available FLSA damages by half. If Defendants could establish that the alleged violations were not willful, Plaintiffs' FLSA claims would be subject to a two-year statute of limitations, which would further reduce their unpaid FLSA damages. Moreover, if Defendants' records of Plaintiffs' hours worked were accepted by a jury, Plaintiffs' damages assessment would be drastically reduced. Thus, by settling at this stage, Plaintiffs ensure that they will receive a recovery in this matter.

      Although there is a possibility that Plaintiffs could recover higher damages if both their New York Labor Law and FLSA claims proceeded to trial, there is also the significant possibility that they could receive lower damages or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Thus, assuming this settlement is approved, Plaintiffs will be able to recover the settlement funds more expeditiously, and with more certainty, than a trial judgment.

      Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Agreement is limited to wage-related claims. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored to release only claims relevant to the instant action. Likewise, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181).

      Additionally, the reasonableness of this settlement is further supported by the involvement of a mediator. Indeed, the presence of a mediator "provides assurance that the settlement was not the product of collusion." Bilbao v. LCS Enters. Inc., 2018 WL 1399199, at *2 (S.D.N.Y. Mar. 19, 2018); see also Hernandez v. Anjost Corp., 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) ("The assistance of an experienced mediator . . . reinforces that the Settlement Agreement is non-collusive."); Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 618-619 (S.D.N.Y. 2012) (citing In re Giant Interactive Grp., Inc. Sec. Litig., 279 F.R.D. 151, 159-160 (S.D.N.Y. 2011)) (explaining parties entitled to a presumption of fairness where mediator facilitated arms-length settlement). Here, the parties engaged in contentious negotiations requiring the assistance of professional mediation services to resolve this matter. Accordingly, the settlement achieved reflects an arms'-length negotiation free of fraud or collusion and is a reasonable compromise over the contested issues in this matter. While the mediator's assistance was essential to the resolution of this matter, Plaintiffs note that the settlement amount is substantially greater than the mediator's proposal at the close of the mediation.

## **The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable**

In addition to assessing the reasonableness of the settlement award, most courts since Cheeks have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336). In this case, the portion of the settlement amount attributable to attorneys' fees is $107,754.18, or one-third of the settlement amount after deducting expenses in the amount of $1,737.45.

Notably, while Courts may now award attorneys' fees in amounts greater than one-third of the total settlement sum, plus costs, Fisher v. SD Prot. Inc., 948 F.3d 593 (2d Cir. 2020), Courts have traditionally held that approval of attorneys' fees of 1/3 of the settlement sum, plus costs, is reasonable and routinely approve such terms in settlement agreements. Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); Romero v. Westbury Jeep Chrysler Dodge, Inc., 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016)) (noting "courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable" in FLSA settlements and awarding Plaintiffs' counsel a fee of 1/3 of the net settlement after costs, plus an award of costs); Yong Yuan Wang v. Mandarin Glen Cove, Inc., 2019 WL 5695910, at *2-3 (E.D.N.Y. Sept. 30, 2019) (citing Romero, 2016 WL 1369389, at *2) (same); Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 9, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Courts have held that a one-third recovery is appropriate in a case where, as here, Plaintiffs' counsel's fee is entirely contingent upon the success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). Thus, Plaintiffs' counsel's requested fees of less than one-third of the settlement fund is reasonable.

Plaintiffs' counsel incurred expenses totaling $1,737.45. The expenses are comprised of the following: 1) filing fee ($402.00), 2) oral interpreter and written translation services ($97.76, $120.00, and $380.19); and 3) mediator fee ($737.50). *See* Expense List annexed hereto as Exhibit 2.

Here, Plaintiffs' counsel investigated Plaintiffs' claims, conducted a detailed inquiry regarding Plaintiffs' job duties, hours worked and compensation received, and Defendant's compensation policies, exchanged relevant discovery, created an assessment of Plaintiffs' damages, attended a mediation session, prepared and served a motion for conditional certification and subsequently negotiated the parties' formal settlement agreement. Due to the contingent nature of the case, Plaintiffs' counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiffs' counsel was zealous in the pursuit of Plaintiffs' litigation objectives and secured a favorable result on Plaintiffs' behalf. The settlement will be made available to Plaintiffs without the uncertainty and delay of trial. Accordingly, Plaintiffs' counsels' requests for attorneys' fees of $107,754.18 and expenses in the amount of $1,737.45 should be approved as reasonable.

In light of the foregoing, the parties respectfully request that the Court approve the parties' settlement and dismiss this matter with prejudice while maintaining jurisdiction to enforce the terms of the settlement.

We thank the Court for its consideration of these requests.

Respectfully submitted,

*Christopher Marlborough*

CHRISTOPHER MARLBOROUGH

CC:   All Counsel of Record *via* ECF